IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL J. DEVELDER,

      Plaintiff,                       No. 2:09-cv-1803 EFB P

     vs.

J. HIRSHLER, et al.,

      Defendants.                ORDER

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently pending before the court is plaintiff's motion for entry of default judgment against defendant Hirshler. Dckt. No. 21. This case is before the undersigned pursuant to plaintiff's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(1)-(4). For the reasons that follow, the court will deny the motion.

**I.    Background**

      This action proceeds on the amended complaint filed April 12, 2010. Dckt. No. 9. In that pleading, plaintiff alleges, of relevance here, that he suffered from bladder stones while incarcerated at Deuel Vocational Institution ("DVI") in 2006. *Id.* at 8.[1] He was scheduled for

---

[1] Page numbers cited herein refer to those assigned by the court's electronic docketing system.

1

surgery to remove the stones on October 3, 2006, but was transferred to California State Prison, Sacramento ("CSP-Sac") on September 28, 2006, and so did not undergo the surgery on the scheduled date. *Id.* Plaintiff alleges that defendant Hirshler was the Chief Medical Officer at DVI and failed to communicate plaintiff's need for the surgery to custody staff at DVI and CSP-Sac. *Id.* Plaintiff continued to suffer pain from the bladder stones for many months until they were surgically removed. *Id.* at 8-10. Plaintiff seeks $100,000 general damages, $100,000 special damages, and $100,000 punitive damages against defendant Hirshler. *Id.* at 3.

## II.   Default and Default Judgment

In order to obtain a default judgment against a party, the Federal Rules of Civil Procedure first require that the party seeking the judgment ask the court clerk to enter the defendant's default under Federal Rule of Civil Procedure 55(a). *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). That rule provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." On March 9, 2011, the Clerk of Court entered defendant Hirshler's default after defendant Hirshler, having been personally served, failed to respond to the complaint. Dckt. No. 17. As defendant Hirshler is in default, the court must determine whether a default judgment against defendant Hirshler is appropriate.

Federal Rule of Civil Procedure 55(b)(1) provides that, where the plaintiff seeks "a sum certain or a sum that can be made certain by computation" and provides an affidavit showing the amount due, the clerk must enter judgment for that amount and costs against a defendant who has been defaulted. However, "[i]n all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (C) investigate any other matter." *Id.*

////

"[A] claim is not a sum certain unless no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default." *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 928-29 (9th Cir. 2004) (following the First Circuit's definition of "sum certain" as set out in *KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 17-21 (1st Cir. 2003)). Plaintiff alleges that defendant Hirshler's failure to communicate plaintiff's need for surgery subjected plaintiff to unnecessary months of pain. The amount of compensation due for such an injury, and the amount of punitive damages appropriate for the alleged misconduct are subject to considerable doubt and thus the damages sought herein are not of a "sum certain" under Federal Rule of Civil Procedure 55(b)(1).

Accordingly, the court has discretion as to whether to enter a default judgment against defendant Hirshler.

> Factors which may be considered by courts in exercising discretion as to the entry of default judgment include (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471-72.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); *see also Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)); *accord DIRECTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to

admit conclusions of law" (citation and quotation marks omitted)); *Abney v. Alameida*, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim."). Thus, a party's default conclusively establishes that party's liability on sufficiently-pleaded claims, but does not establish the amount of damages. *Geddes*, 559 F.2d at 560; *see also Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990); *Doe v. Rafael Saravia*, 348 F. Supp. 2d 1112, 1143 (E.D. Cal. 2004). To obtain a default judgment against a defendant for a claim for uncertain damages, the plaintiff must prove the amount of damages he seeks. *Shanghai Automation Instrument Co., Ltd. v. KUEI*, 194 F. Supp. 2d 995, 1010 (N.D. Cal. 2001).

## III. Analysis

Considering the *Eitel* factors, plaintiff may be prejudiced if the court were to deny a default judgment, as it may deprive him of compensation for his injury from defendant Hirshler, who has not appeared. Accepting plaintiff's allegations as true, plaintiff has established that defendant Hirshler failed to inform custody staff that plaintiff could not be transferred until after his surgery or that plaintiff needed surgery soon after his transfer, but plaintiff has not pleaded sufficient facts to show that defendant Hirshler had the requisite "deliberately indifferent" mindset upon which Eight Amendment liability may be imposed. *See Conn v. City of Reno*, 572 F.3d 1047, 1056 (9th Cir. 2009) (stating that an officer has been deliberately indifferent if he was actually aware of the plaintiff's serious medical need and did not reasonably respond to the risk). In addition, in the experience of the court the facts required to make out an Eighth Amendment claim are often disputed. As defendant Hirshler has not appeared, it is unclear whether his default was due to excusable neglect. Plaintiff's request for $300,000 in damages and the policy favoring merits-based decisions both weigh in favor of denying default judgment. Taken together, the *Eitel* factors weigh against entry of default judgment against defendant Hirshler.

More importantly, plaintiff has not offered any proof of his claimed damages. While plaintiff alleges in the complaint that defendant Hirshler's failure to communicate plaintiff's

4

need for surgery caused plaintiff to suffer until he received the surgery, plaintiff has not provided any basis from which the court can determine that plaintiff suffered $300,000 in damages as a result. Indeed, according to the amended complaint and attached exhibits, plaintiff was seen by medical personnel after his transfer to CSP-Sac who did not immediately order the surgery, thus it is questionable whether damages should be imposed against defendant Hirshler for the time that medical decision-making authority concerning plaintiff lay elsewhere.

Accordingly, the court will deny plaintiff's motion for entry of default judgment against defendant Hirshler without prejudice to its renewal, supported by argument, and any evidence plaintiff may choose to offer, concerning the *Eitel* factors and plaintiff's claimed damages.

**IV. Order**

Accordingly, it hereby ORDERED that plaintiff's March 20, 2012 motion for default judgment (Docket No. 21) is denied.

Dated: September 10, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5