IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL J. DEVELDER

      Plaintiff,                     No. 2:09-cv-1803-EFB P

    vs.

J. HIRSHLER, et al.,

      Defendants.            ORDER

                                  /

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1]  Plaintiff moves for entry of a default judgment against defendant Hirshler.  ECF No. 24.  For the reasons that follow, the motion is denied.

**I.    Background**

This action proceeds on the amended complaint filed April 12, 2010.  ECF No. 9.  In that pleading, plaintiff alleges, of relevance here, that he suffered from bladder stones while incarcerated at Deuel Vocational Institution ("DVI") in 2006.  *Id.* at 8.[2]  He was scheduled for

---

[1] This case is before the undersigned pursuant to plaintiff's consent.  *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, 302(c)(19) and Appx. A, at (k)(1)-(4).

[2] Page numbers cited herein refer to those assigned by the court's electronic docketing system.

1

surgery to remove the stones on October 3, 2006, but was transferred to California State Prison, Sacramento ("CSP-Sac") on September 28, 2006, and so did not undergo the surgery on the scheduled date. *Id.* Plaintiff alleges that defendant Hirshler was the Chief Medical Officer at DVI and failed to communicate plaintiff's need for the surgery to custody staff at DVI and CSP-Sac. *Id.* Plaintiff continued to suffer pain from the bladder stones for many months until they were surgically removed. *Id.* at 8-10. Plaintiff seeks $100,000 general damages, $100,000 special damages, and $100,000 punitive damages against defendant Hirshler. *Id.* at 3.

## II.     Default and Default Judgment

In order to obtain a default judgment against a party, the Federal Rules of Civil Procedure first require that the party seeking the judgment ask the court clerk to enter the defendant's default under Federal Rule of Civil Procedure 55(a). *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). That rule provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

On March 25, 2011, the U.S. Marshal personally served the summons and complaint upon defendant Hirshler by providing it to his mother, Jacqueline Hirshler, at her residence in Oakland. ECF No. 17. Ms. Hirshler informed the Marshal that defendant Hirshler resided with her. *Id.* Defendant Hirshler failed to appear. On March 9, 2012, the Clerk of Court entered defendant Hirshler's default. ECF No. 19. As defendant Hirshler is in default, the court must determine whether a default judgment against defendant Hirshler is appropriate.

Federal Rule of Civil Procedure 55(b)(1) provides that, where the plaintiff seeks "a sum certain or a sum that can be made certain by computation" and provides an affidavit showing the amount due, the clerk must enter judgment for that amount and costs against a defendant who has been defaulted. However, "[i]n all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the

amount of damages; (C) establish the truth of any allegation by evidence; or (C) investigate any other matter." *Id.*

"[A] claim is not a sum certain unless no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default." *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 928-29 (9th Cir. 2004) (following the First Circuit's definition of "sum certain" as set out in *KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 17-21 (1st Cir. 2003)). Plaintiff alleges that defendant Hirshler's failure to communicate plaintiff's need for surgery subjected plaintiff to unnecessary months of pain. The amount of compensation due for such an injury, and the amount of punitive damages appropriate for the alleged misconduct are subject to considerable doubt and thus the damages sought herein are not of a "sum certain" under Federal Rule of Civil Procedure 55(b)(1).

Accordingly, the court has discretion as to whether to enter a default judgment against defendant Hirshler.

> Factors which may be considered by courts in exercising discretion as to the entry of default judgment include (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471-72.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); *see also Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning*

*v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)); *accord DIRECTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law" (citation and quotation marks omitted)); *Abney v. Alameida*, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim."). Thus, a party's default conclusively establishes that party's liability on sufficiently-pleaded claims, but does not establish the amount of damages. *Geddes*, 559 F.2d at 560; *see also Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990); *Doe v. Rafael Saravia*, 348 F. Supp. 2d 1112, 1143 (E.D. Cal. 2004). Therefore, plaintiff is entitled to a determination of defendant Hirshler's liability based upon his default. However, to obtain entry of a default judgment against a defendant for a claim for uncertain damages, the plaintiff must prove the amount of damages he seeks, *Shanghai Automation Instrument Co., Ltd. v. KUEI*, 194 F. Supp. 2d 995, 1010 (N.D. Cal. 2001), and the defaulting party is entitled to appear to contest damages, if he so chooses, *Bonilla v. Trebol Motors Corp.*, 150 F.3d 77, 82 (1st Cir. 1998) (citing 10A Wright, Miller & Kane, *Federal Practice and Procedure* § 2688, at 67-68 (3d ed. 1998)). Accordingly, the court will direct the U.S. Marshal to serve a copy of plaintiff's October 24, 2012 motion for default judgment on defendant Hirshler. Defendant Hirshler shall have 21 days from the date of service to request a hearing or otherwise contest the amount of damages sought by plaintiff. If defendant Hirshler does not respond within the time provided, the court will determine the merits of plaintiff's motion without defendant Hirshler's input. *Banco Bilbao Vizcaya Argentaria v. Family Rests., Inc.*, 285 F.3d 111, 114-15 (1st Cir. 2002) ("Where a court has jurisdiction over the subject matter and parties, the allegations in the complaint state a specific, cognizable claim for relief, and the defaulted party had fair notice of its opportunity to object, the court has the discretion to order a default judgment without a hearing of any kind.").

In addition, under 50 U.S.C. App. § 521(b)(1), before the court may enter judgment for plaintiff, plaintiff must submit an affidavit stating, under penalty of perjury, either (1) whether or not defendant Hirshler is in military service, with supporting facts, or (2) if plaintiff is unable to

4

determine whether or not defendant Hirshler is in military service, stating that plaintiff cannot determine whether or not defendant Hirshler is in military service.  Plaintiff shall have 21 days from the date of this order to file the required affidavit.

**III.  Order**

Accordingly, it hereby ORDERED that:

1.  The U.S. Marshal shall serve a copy of this order and plaintiff's October 24, 2012 motion for entry of default (ECF No. 24) on defendant J. Hirshler at 7340 Woodrow Dr., Oakland, California, 94611.

2.  The motion for default judgment is granted in part as to the finding of liability and denied as to the determination of damages pending further briefing as set forth above.

3.  Defendant Hirshler shall have 21 days from the date of service of this order to request a hearing or otherwise contest the damages sought by plaintiff in his motion for entry of default.

4.  Plaintiff shall have 21 days from the date of this order to file the affidavit required by 50 U.S.C. App. § 521(b)(1), as described above.

Dated:  September 30, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE