UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. DEVELDER, | No. 2:09-cv-1803-EFB P |
| Plaintiff, | |
| v. | ORDER |
| J. HIRSHLER, et al., | |
| Defendant. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff moves for entry of default judgment against defendant Hirshler, the only remaining defendant in this action. ECF Nos. 24, 30. For the following reasons, the motions will be denied without prejudice.

**I.     The Complaint**

This action proceeds on the amended complaint filed April 12, 2010. ECF No. 9. In that pleading, plaintiff alleges that he suffered from bladder stones while incarcerated at Deuel Vocational Institution ("DVI") in 2006. *Id.* at 8. He was scheduled for surgery to remove the stones on October 3, 2006, but was transferred to California State Prison, Sacramento ("CSP-Sac") on September 28, 2006, and so did not undergo the surgery on the scheduled date. *Id.* Plaintiff alleges that defendant Hirshler was the Chief Medical Officer at DVI and, in deliberate indifference to plaintiff's serious medical need for the surgery, failed to communicate plaintiff's

1

need for the surgery to custody staff at DVI and CSP-Sac. *Id.* The Chief Medical Officer at CSP-Sac failed to timely schedule the surgery despite plaintiff's serious need for it. *Id.* at 9. Plaintiff was transferred to Mule Creek State Prison ("MCSP") on May 2, 2007. *Id.* The Chief Medical Officer there also unlawfully failed to timely schedule surgery. *Id.* at 9-10. Plaintiff received the necessary surgery on August 29, 2007. *Id.* at 10, 47. In the interim, plaintiff suffered extreme pain. *Id.* at 8-10, 25, 27, 29, 31, 33, 35, 38, 39, 40, 42. A Dr. Housley at MCSP failed to provide plaintiff with the proper dose of pain medication beginning on May 15, 2007. *Id.* at 10.

Plaintiff sued the Chief Medical Officers of MCSP and CSP-Sac, Dr. Housley, and Hirshler. *Id.* at 2. Plaintiff sought $100,000 "general" damages, $100,000 "special" damages, and $100,000 punitive damages against all defendants. *Id.* at 3.

**II.     Procedural Background**

For the limited purpose of screening the case, the court found that plaintiff had stated cognizable Eighth Amendment claims against defendants Hirshler and Housley and noted that, should plaintiff discover the names of the Chief Medical Officers of MCSP and CSP-Sac through discovery, he could move to file an amended complaint to state claims against them. ECF No. 10 at 1-2. The U.S. Marshal was unable to locate defendant Housley at the address provided by plaintiff, however, and after plaintiff failed to provide a new address, his claim against defendant Housley was dismissed without prejudice. ECF No. 16.

The U.S. Marshal personally served the summons and complaint on defendant Hirshler on March 25, 2011, by providing them to his mother, Jacqueline Hirshler, at her residence in Oakland. ECF No. 17. Ms. Hirshler informed the Marshal that defendant Hirshler resided with her. *Id.* Defendant Hirshler failed to appear. On March 9, 2012, the Clerk of Court entered defendant Hirshler's default. ECF No. 19. Plaintiff sought default judgment against Hirshler, ECF No. 21, but the court denied the motion because plaintiff's complaint did not include sufficient facts to demonstrate that defendant Hirshler acted with a deliberately indifferent state of mind and because plaintiff did not offer proof of his claimed damages. ECF No. 22. The court allowed plaintiff to file a new motion for default judgment addressing these issues. *Id.*

/////

Plaintiff renewed his motion for default judgment pursuant to that order. ECF No. 24. The court again denied the motion, because plaintiff had not submitted the affidavit required by 50 U.S.C. App. § 521(b)(1) and in order to serve the motion on defendant Hirshler and allow him to respond. ECF No. 27. Plaintiff has now submitted an affidavit complying with § 521(b)(1). ECF No. 28. Defendant Hirshler was personally served with plaintiff's motion for default judgment on November 7, 2013. ECF No. 29. He has filed no response. Thus, the court must now determine whether, based on the allegations of the complaint and the submitted proof of damages, plaintiff is currently entitled to a default judgment against defendant Hirshler.

### III.    Analysis

In order to obtain a default judgment against a party, the Federal Rules of Civil Procedure first require that the party seeking the judgment ask the court clerk to enter the defendant's default under Federal Rule of Civil Procedure 55(a). *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). That rule provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." On March 9, 2011, the Clerk of Court entered defendant Hirshler's default, ECF No. 19, after defendant Hirshler, having been personally served, failed to respond to the complaint, ECF No. 17. As defendant Hirshler is in default, the court must determine whether a default judgment against defendant Hirshler is appropriate.

Federal Rule of Civil Procedure 55(b)(1) provides that, where the plaintiff seeks "a sum certain or a sum that can be made certain by computation" and provides an affidavit showing the amount due, the clerk must enter judgment for that amount and costs against a defendant who has been defaulted. However, "[i]n all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (C) investigate any other matter." *Id*.

"[A] claim is not a sum certain unless no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default." *Franchise Holding II, LLC v.*

1  *Huntington Rests. Group, Inc.*, 375 F.3d 922, 928-29 (9th Cir. 2004) (following the First Circuit's
2  definition of "sum certain" as set out in *KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1,
3  17-21 (1st Cir. 2003)).  Plaintiff alleges that defendant Hirshler's failure to communicate
4  plaintiff's need for surgery subjected plaintiff to unnecessary months of pain.  The amount of
5  compensation due for such an injury, and the amount of punitive damages appropriate for the
6  alleged misconduct are subject to considerable doubt and thus the damages sought herein are not
7  of a "sum certain" under Federal Rule of Civil Procedure 55(b)(1).
8       Accordingly, the court has discretion as to whether to enter a default judgment against
9  defendant Hirshler.

> Factors which may be considered by courts in exercising discretion as to the entry of default judgment include (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

14  *Eitel*, 782 F.2d at 1471-72.
15       As a general rule, once default is entered, well-pleaded factual allegations in the operative
16  complaint are taken as true, except for those allegations relating to damages.  *TeleVideo Sys., Inc.*
17  *v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin.*
18  *Group*, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); *see also Fair Housing of Marin v.*
19  *Combs*, 285 F.3d 899, 906 (9th Cir. 2002).  Although well-pleaded allegations in the complaint
20  are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings,
21  and claims which are legally insufficient, are not established by default."  *Cripps v. Life Ins. Co.*
22  *of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388
23  (9th Cir. 1978)); *accord DIRECTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) ("[A]
24  defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law"
25  (citation and quotation marks omitted)); *Abney v. Alameida*, 334 F. Supp. 2d 1221, 1235 (S.D.
26  Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim.").
27       In response to the court's earlier order finding that plaintiff's complaint did not plead
28  sufficient facts to show that defendant Hirshler had the requisite "deliberately indifferent"

1 mindset upon which Eighth Amendment liability could be imposed, ECF No. 22 at 4, plaintiff's
2 recent motion for default judgment alleges that defendant Hirshler was aware of, yet failed to
3 follow in plaintiff's case, an institutional policy governing when an inmate may not be transferred
4 due to scheduled medical treatment. ECF No. 24 at 3-8. He further alleges that defendant
5 Hirshler failed to follow the policy not due to negligence but rather to avoid incurring the cost of
6 plaintiff's scheduled surgery. *Id.* at 8-9. Such facts would establish deliberate indifference, but
7 were not contained in the complaint. Because the court may base a default judgment only on
8 those facts contained in the complaint, and because the court has already concluded that the
9 currently-operative complaint states insufficient facts to prove deliberate indifference, default
10 judgment must be denied. However, the court will grant plaintiff leave to file an amended
11 complaint containing such facts. If defendant Hirshler fails to respond to the amended complaint,
12 plaintiff may again seek a default judgment against him.

**IV.   Order**

For the foregoing reasons, it is hereby ORDERED that:

1. Plaintiff's motions for default judgment (ECF Nos. 24, 30) are denied without prejudice;
2. Plaintiff is granted leave to file an amended complaint to allege sufficient facts to state an Eighth Amendment claim against defendant Hirshler within 30 days of service of this order; and
3. The U.S. Marshal shall serve a copy of this order on defendant J. Hirshler at 7340 Woodrow Dr., Oakland, California, 94611.

Dated: June 23, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE