UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL J. DEVELDER,

      Plaintiff,

  v.

J. HIRSHLER, et al.,

      Defendants.

No. 2:09-cv-1803-EFB P

ORDER

This matter is before the court on plaintiff's request for reconsideration.[1] Plaintiff filed a written consent to have a magistrate judge conduct all further proceedings in this case. ECF No. 4. Thereafter, plaintiff filed motions for entry of a default judgment against defendant J. Hershler. ECF Nos. 21 and 24. Those motions were denied by the assigned magistrate judge. ECF No. 22 (denying motion without prejudice due to insufficiency of the allegations as the the claim as to Hirshler and for failure to submit proof of damages) and 27 (denying renewed motion for failure to comply with 50 U.S.C. App. § 521(b)(1)). The order denying the second motion directed that the motion for default judgment be served on Hirshler. Plaintiff subsequently submitted the affidavit required by § 521(b)(1). Further, the motion was served on Hirshler but Hirshler failed to respond. Thus, the court addressed the question of whether, based on the

---

[1] Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.

1

allegation of the complaint and the evidence submitted by plaintiff, plaintiff is entitled to a default judgment.  As stated in the court's order, the plaintiff's most recent motion for default judgment included factual allegation, which if contained in the complaint might have supported the granting of the motion, but that a default judgment may only be based on the facts alleged in the complaint.  ECF No 31.  Accordingly, the court again denied plaintiff's motion but granted plaintiff leave to amend his complaint to include the missing factual assertions.  Plaintiff now seeks reconsideration of that order by a district judge.  ECF No. 32.  For the reasons that follow, the motion must be denied.

      As an initial matter, plaintiff previously consented to have a magistrate judge conduct all proceedings and enter judgment under 28 U.S.C. § 636(c).  ECF No. 5.  Therefore, his request for reconsideration must be presented to the assigned magistrate judge.  *Gil v. Office of the Dist. Atty.*, No. 2:13-cv-2609 KJN P, 2014 U.S. Dist. LEXIS 27691, at *1-2 (E.D. Cal. Feb. 24, 2014).  Accordingly, plaintiff's motion will be construed as a request for reconsideration by the undersigned.

      As to the merits, plaintiff's motion must be denied.  He contends that the June 23rd order denying his motion for default judgment is inconsistent with the court's prior order of September 30, 2013 (ECF No. 27).  That order stated that plaintiff was entitled to a "determination" of defendant Hirshler's liability based on his failure to appear.  ECF No. 27 at 4.  The fact that a defendant is in default permits the court to assume as true the well pleaded facts of the complaint, but it in no way eliminated the requirement that the factual allegations be sufficient to support the entry of a judgment on the claim asserted.  As the court noted in the June 23rd order, a determination of whether defendant may be held liable must be premised on the facts plaintiff pleaded in the complaint.  The court has found that plaintiff's complaint failed to plead facts showing that defendant Hirshler "had the requisite 'deliberately indifferent' mindset upon which Eighth Amendment liability may be imposed."  ECF No. 22 at 4.  While plaintiff has alleged in his motion (as opposed to the complaint) facts showing deliberate indifference, these facts must be contained in the complaint itself to support entry of a default judgment.  This was explained in the most recent order denying plaintiff's motion.  ECF No. 31 at 4-5.

The court finds no justification for changing its order denying plaintiff's motion for default judgment. *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (noting that reconsideration should not be granted absent newly discovered evidence, clear error, or intervening change in the law).

The July 9, 2014 motion for reconsideration is therefore DENIED. If plaintiff wishes to file an amended complaint as discussed in the order of June 23, 2014, he shall do so within 21 days of the service of this order.

So ordered.

Dated: September 4, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE