UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEVELDER,<br><br>         Plaintiff,<br><br>   v.<br><br>J. HIRSCHLER, et al.,[1]<br><br>         Defendants. | No. 2:09-cv-1803-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Defendant Hirschler has filed a motion to dismiss the complaint on the grounds of failure to state a claim and failure to exhaust. ECF No. 45. The undersigned recommends that the motion be denied for the reasons that follow.

**I.    The Complaint**

In the currently-operative amended complaint (ECF No. 36), plaintiff alleges as follows: While incarcerated at Deuel Vocational Institution ("DVI") he complained of extreme abdominal and urinary pain and was diagnosed with bladder calculi on July 17, 2006. ECF No. 36 at 4.

/////

---

[1] Plaintiff has spelled defendant's name as "Hirshler." ECF No. 36 at 1. The attachments to the complaint, as well as defendant's motion, make clear that his name is properly spelled "Hirschler," and the court uses that spelling.

1

Defendant approved of various outside urology appointments for plaintiff and "verified plaintiff's immediate need for surgery" scheduled on October 3, 2006 at U.C. Davis Hospital. *Id.* at 4-5. However, plaintiff was transferred just prior to that date: "On 9-28-06 plaintiff was transferred to C.S.P. Sac . . . on the same day of plaintiff's pre-op appointment for surgery and five day[s] before plaintiff was to receive the surgery, all of which defendant J. Hirschler directly approved." *Id.* at 5. Defendant approved the transfer in contravention of California Department of Corrections and Rehabilitation ("CDCR") regulations governing transfer of inmates. *Id.* at 5-6.

Plaintiff filed an inmate grievance on May 27, 2007 to request surgery. *Id.* at 6. In connection with that grievance, plaintiff spoke to "John Doe #1 C.S.P.-SAC CMO," who said that defendant had told him that plaintiff was transferred before his surgery because "it was too costly at the time." *Id.*

## II.     Failure to State a Claim

Defendant first argues that plaintiff's complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6). A complaint may be dismissed under that rule for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

/////

1    Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal
2 theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d
3 at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the
4 claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

5    Pro se pleadings are held to a less-stringent standard than those drafted by lawyers.
6 *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). However, the Court need not accept as
7 true unreasonable inferences or conclusory legal allegations cast in the form of factual
8 allegations. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining
9 Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

10    Plaintiff claims that defendant was deliberately indifferent to his serious medical need for
11 bladder surgery in violation of his right under the Eighth Amendment to be free from cruel and
12 unusual punishment. To state an Eighth Amendment claim predicated on the denial of medical
13 care, a plaintiff must allege that he had a serious medical need and that the defendant's response
14 to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see
15 also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to
16 treat the condition could result in further significant injury or the unnecessary and wanton
17 infliction of pain. *Jett*, 439 F.3d at 1096. Deliberate indifference may be shown by the denial,
18 delay, or intentional interference with medical treatment, or by the way in which medical care is
19 provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

20    To act with deliberate indifference, a prison official must both be aware of facts from
21 which the inference could be drawn that a substantial risk of serious harm exists, and he must also
22 draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if
23 he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing
24 to take reasonable measures to abate it." *Id*. at 847. A physician need not fail to treat an inmate
25 altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*,
26 884 F.2d 1312, 1314 (9th Cir. 1989) (per curiam). A failure to competently treat a serious
27 medical condition, even if some treatment is prescribed, may constitute deliberate indifference in
28 a particular case. *Id*.

1   Guided by these principles, the court must determine whether the allegations of plaintiff's
2   complaint, taken in the light most favorable to plaintiff and holding him to the less-stringent
3   standard applicable to pro se litigants, states facts sufficient to state a claim for deliberate
4   indifference against defendant Hirschler.

5   Defendant argues that plaintiff's complaint fails to allege that defendant was personally
6   involved in the decision to transfer plaintiff to avoid the cost of his surgery. ECF No. 45 at 5.
7   Plaintiff's allegation that "On 9-28-06 plaintiff was transferred to C.S.P. Sac . . . on the same day
8   of plaintiff's pre-op appointment for surgery and five day[s] before plaintiff was to receive the
9   surgery, all of which defendant J. Hirschler directly approved" (ECF No. 36 at 5), along with his
10  allegation that defendant told another prison official that plaintiff had been transferred because his
11  surgery was too costly (*id*. at 6), suffice to allege defendant's personal involvement in the
12  decision to transfer plaintiff.

13  Defendant next argues that the complaint lacks allegations that defendant knew plaintiff
14  would be transferred before getting treatment or that such a transfer would delay surgery and
15  cause plaintiff unnecessary pain. ECF No. 45 at 6. The same alleged facts mentioned in the
16  previous paragraph, if true, would show that defendant knew plaintiff would be transferred prior
17  to surgery (and that this was, in fact, the reason to transfer him). Plaintiff also alleges that his
18  bladder calculi caused him extreme pain and that defendant had verified and approved of
19  plaintiff's appointments and surgery to address that obvious medical need. ECF No. 36 at 4-5.
20  Plaintiff also alleges that defendant knew of, but failed to follow CDCR regulations that are
21  designed to ensure that inmates do not suffer from discontinuity and delays in medical care when
22  transferred. *Id.* at 5-6. These factual assertions suffice to allege that defendant knew plaintiff
23  would be transferred before surgery, knew that the transfer posed a risk of undue pain to plaintiff,
24  but approved or allowed the transfer to take place.

25  Defendant argues that the court should disregard the hearsay information that plaintiff
26  alleges he received from medical staff at C.S.P.-Sac (that is, that defendant had told that staff-
27  person that plaintiff was transferred to avoid the cost of surgery). However, this motion is neither
28  a Rule 56 motion for summary judgment or trial on the merits. Rather, it simply tests the

4

sufficiency of the allegations of the complaint.  As Rule 12(b)(6) challenges are determined entirely on the pleadings, defendant's attempt to challenge whether plaintiff will be able to overcome a hearsay objection to his evidence in support of his allegations is premature.  At this stage of the litigation, the court presumes the truth of the allegations.  *Iqbal*, 556 U.S. at 679.

For the foregoing reasons, the motion to dismiss pursuant to Rule 12(b)(6) must be denied.

### III.     Failure to Exhaust

Defendant next argues that it is clear from the exhibits attached to plaintiff's complaint that plaintiff failed to administratively exhaust his claim against defendant.  ECF No. 45-1 at 7-9.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions [under § 1983 of this title] until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "Prison conditions" subject to the exhaustion requirement have been defined broadly as "the effects of actions by government officials on the lives of persons confined in prison . . . ."  18 U.S.C. § 3626(g)(2); *Smith v. Zachary*, 255 F.3d 446, 449 (7th Cir. 2001); *see also Lawrence v. Goord*, 304 F.3d 198, 200 (2d Cir. 2002).  To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint, but need only provide the level of detail required by the grievance system itself.  *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case").

California prisoners who file grievances must use a form provided by CDCR, which instructs the inmate to describe the problem and outline the action requested.  The grievance process, as defined by California regulations, has three levels of review to address an inmate's claims, subject to certain exceptions.  *See* Cal. Code Regs. tit. 15, § 3084.7.  Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims.  *Id.*, § 3084.1(b).

/////

/////

5

Proper exhaustion of available remedies is mandatory, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). For a remedy to be "available," there must be the "possibility of some relief . . . ." *Booth*, 532 U.S. at 738. Relying on *Booth*, the Ninth Circuit has held:

> [A] prisoner need not press on to exhaust further levels of review once he has received all "available" remedies at an intermediate level of review or has been reliably informed by an administrator that no remedies are available.

*Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

Failure to exhaust under the PLRA is an affirmative defense that the defendant must plead and prove. *Jones*, 549 U.S. at 204, 216; *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6). Otherwise, defendant must produce evidence proving failure to exhaust in order to carry their burden." *Albino*, 747 F.3d at 1166.

This case is not such a "rare event." In his complaint, plaintiff mentions one specific grievance, filed on May 27, 2007. ECF No. 36 at 6. Plaintiff also mentions other grievances: "I filed several inmate appeal[s] regarding the issue in this complaint. Some were grant[ed] others denied." *Id.* at 2. Plaintiff attached the May 2007 grievance to the complaint (*id.* at 19), and defendant alleges that this grievance was untimely under the regulations in place at that time. ECF No. 45-1 at 8-9. But plaintiff alleges that he filed several inmate appeals regarding his claims, and the information the court needs to determine whether any of these appeals exhausted plaintiff's claims does not appear on the face of the complaint. Accordingly, the court cannot dismiss the complaint on the grounds that plaintiff's failure to exhaust is clear from the face of the complaint.

### IV. Order and Recommendation

Accordingly, it is hereby ORDERED that the Clerk of the Court shall randomly assign a District Judge to this case.

/////

/////

It is further RECOMMENDED that defendant's motion to dismiss (ECF No. 45) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 27, 2016.

EDMUND F. BRENNAN  
UNITED STATES MAGISTRATE JUDGE