UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. DEVELDER,<br><br>    Plaintiff,<br><br>    v.<br><br>J. HIRSCHLER, et al.,<br><br>    Defendants. | No. 2:09-cv-1803-TLN-EFB P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed an "objection" to defendant Hirschler's subpoena, a motion for an extension of time, and a motion to compel. For the reasons stated below, plaintiff's objection, construed as a motion to quash, is granted, the motion for an extension of time is denied, and the motion to compel is granted in part.

**I.    Background**

The operative complaint alleges as follows: While incarcerated at Deuel Vocational Institution ("DVI") plaintiff complained of extreme abdominal and urinary pain and was diagnosed with bladder calculi on July 17, 2006. ECF No. 36 at 4. Defendant approved of various outside urology appointments for plaintiff and "verified plaintiff's immediate need for surgery" scheduled on October 3, 2006 at U.C. Davis Hospital. *Id.* at 4-5. However, plaintiff was transferred just prior to that date: "On 9-28-06 plaintiff was transferred to C.S.P. Sac . . . on the same day of plaintiff's pre-op appointment for surgery and five day[s] before plaintiff was to

1

1 receive the surgery, all of which defendant J. Hirschler directly approved." *Id.* at 5. Defendant
2 approved the transfer in contravention of California Department of Corrections and Rehabilitation
3 ("CDCR") regulations governing transfer of inmates. *Id.* at 5-6.
4      Plaintiff filed an inmate grievance on May 27, 2007 to request surgery. *Id.* at 6. In
5 connection with that grievance, plaintiff spoke to "John Doe #1 C.S.P.-SAC CMO," who said that
6 defendant had told him that plaintiff was transferred before his surgery because "it was too costly
7 at the time." *Id.*
8      Plaintiff claims that defendant was deliberately indifferent to his serious medical need for
9 bladder surgery in violation of his right under the Eighth Amendment to be free from cruel and
10 unusual punishment. *Id.* at 3.
11   **I.   Plaintiff's Objection to Defendant's Subpoena**
12      Plaintiff objects to defendant's subpoena to the U.C. Davis Medical Center requesting
13 production of plaintiff's medical records. ECF No. 59. Plaintiff objects on the grounds that the
14 subpoena requests "all of plaintiff's medical records[, regardless] of date." *Id.* at 1-2. Plaintiff
15 asks that any medical information received by defendant that does not pertain to this case be kept
16 confidential or destroyed. *Id.* Plaintiff's objection, construed as a motion to quash, is granted.
17      A party may serve a subpoena commanding a nonparty "to produce documents,
18 electronically stored information, or tangible things . . . ." Fed. R. Civ. P. 45(a)(1)(C). The
19 failure to include a time restriction in a subpoena may render it overbroad. *EEOC v. Vista*
20 *Unified Sch. Dist.*, Case No. 07-1825-IEG (LSP), 2008 U.S. Dist. LEXIS 96125, at *4 (C.D. Cal.
21 Nov. 17, 2008).
22      Upon a timely motion, the court will quash a subpoena that "requires disclosure of
23 privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P.
24 45(c)(3)(A)(iii). A party may waive his right to privacy in his medical records by placing them at
25 issue in a case. *Smith v. Solano County*, No. 2:11-cv-00142-MCE-EFB P, 2012 U.S. Dist. LEXIS
26 120869, at *3-4 (E. D. Cal. Aug. 24, 2012). Any waiver, however, is "limited to the private
27 information that is relevant to the lawsuit." *Enwere v. Terman Associates, L.P.*, No. C 07-1239
28 JF (PVT), 2008 U.S. Dist. LEXIS 101901, at *5 (N.D. Cal. Dec. 4, 2008).

Defendant argues that plaintiff waived any privacy rights with respect to his medical records by putting such privileged information at issue in this case. Specifically, defendant references plaintiff's allegations that he experienced abdominal and urinary pain in June 2006, that he was approved for a transfer to the U.C. Davis Medical Center urology department in September 2006, and that he missed a surgery appointment scheduled with the U.C. Davis Medical Center for October 3, 2006. ECF No. 36 at 3-4. Defendant also refers to an exhibit to the complaint, which demonstrates that plaintiff had a visit to the U.C. Davis Medical Center in January of 2007. *Id.* at 16-17.

In claiming that defendant was deliberately indifferent to his need for bladder surgery and seeking monetary damages for alleged pain and suffering (ECF No. 36 at 3, 7), plaintiff has placed his medical condition at issue and waived his privacy rights with respect to related medical records. As plaintiff argues, however, the subpoena directed to the U.C. Davis Medical Center is not so narrowly tailored. Instead, it seeks "any and all documents and records . . . regardless of treatment dates . . . ." ECF No. 60-2, Ex. A. Defendant has not responded to this objection with any particular showing as to why all of plaintiff's medical records, with no limitation as to time, are discoverable. *See* ECF No. 60 at 3-5 (arguing generally that "Plaintiff's medical history and medical condition prior to the events giving rise to the allegations in the operative complaint bears on issues related to this case (Plaintiff's medical history and condition), or could reasonably lead to any other matters that bear on any issue in this case."). Courts may reasonably limit the temporal scope of discovery requests based on the parties' allegations. *See Tumbling v. Merced Irrigation District*, 262 F.R.D. 509, 515 (E.D. Cal. 2009) (collecting cases). Accordingly, the court limits defendant's subpoena request to medical records from the period of January 2006 to the present. Defendant shall return or destroy any records received that fall outside of this time frame.

**II.     Plaintiff's Request for an Extension of Time**

In a request dated July 1, 2016, plaintiff seeks an extension of time for the purpose of conducting additional discovery. ECF No. 61. He claims he needs the extension because defendant provided "very little" in discovery and it has "become apparent that [he] needs

3

additional time." *Id.* at 1-2. He adds that if the issue cannot be resolved, he will file a motion to compel.[1] Defendant opposes plaintiff's request. ECF No. 62. Plaintiff did not file a reply.

Pursuant to the court's discovery and scheduling order, all written requests for discovery were to be served not later than June 3, 2016. ECF No. 58. A scheduling order may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b). Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

It appears from plaintiff's request that because he is dissatisfied with defendant's discovery responses, he believes he should be granted an extension of time to conduct further discovery. However, and as plaintiff acknowledges, any dissatisfaction with defendant's discovery responses ought to be addressed through a properly filed motion to compel. *See* Fed. R. Civ. P. 37(a). Plaintiff fails to explain how any discovery response necessitates an extension of time to conduct further discovery and offers no other argument justifying modification of the discovery and scheduling order. Because plaintiff fails to show that good cause supports his requested modification to the schedule, his request for an extension of time is denied.

**III.     Plaintiff's Motion to Compel**

Plaintiff moves to compel further responses to his requests for admissions, interrogatories, and requests for production. ECF No. 63. Defendant opposes plaintiff's request. ECF No. 64. Plaintiff did not file a reply.

As the moving party, plaintiff bears the burden of informing the court of (1) which discovery requests are the subject of his motion to compel, (2) which of defendants' responses are disputed, (3) why he believes defendants' responses are deficient, (4) why defendants' objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action. *See, e.g., Brooks v. Alameida*, No. CIV S-03-2343 JAM EFB P, 2009 U.S. Dist. LEXIS 9568, (E.D. Cal. Feb. 10, 2009) ("Without knowing which responses plaintiff seeks to compel or on what grounds, the court cannot grant plaintiff's motion"); *Ellis v. Cambra*,

---

[1] Indeed, plaintiff subsequently filed a motion to compel (ECF No. 63), which is addressed *infra*.

No. CIV 02-05646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 109050 (E.D. Cal. Mar. 27, 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why Defendant's objections are not justified.").

Plaintiff served defendant with ten requests for admissions and twenty-three interrogatories. ECF No. 63, Ex. A. As to each request, defendant provided a response or an objection. *Id.*, Ex. B. Plaintiff moves to compel further responses to these requests without explaining why any particular response is deficient or why any objection lacks merit. Plaintiff fails to carry his burden with respect to this portion of his motion to compel. Accordingly, the motion is denied to the extent it seeks further responses to requests for admissions and interrogatories.

As for his request for production of documents ("RFPs"), plaintiff argues that defendant's responses to RFP Nos. 1, 3, 4, 7, 11, 12, and 13 are deficient. Each of these requests is addressed below.

RFP No. 1 seeks grievances "received by Defendants or their agents . . . concerning medical mistreatment of inmates by [defendant Hirschler] and any . . . documents created in response to such documents, since January 2005." Defendant objects to the request as oppressive, burdensome, compound, not likely to lead to admissible evidence, and as calling for production of documents that would result in an invasion of privacy. Liberally construed, plaintiff seeks prisoner grievances against defendant Hirschler (and corresponding responses) alleging medical mistreatment similar to that alleged in the complaint. Such documents are reasonably calculated to lead to admissible evidence in support of plaintiff's claim, as they could reveal a possible pattern or practice of defendant exhibiting deliberate indifference to the medical needs of inmates. However, the request is overbroad as to time. Therefore, the court will order defendant to provide plaintiff with prisoner grievances against defendant Hirschler from January 2005 through December 2009 (and the prisons' corresponding responses), which complain of deliberate indifference to medical needs. To the extent such information implicates privacy rights, defendant may redact identifying personal information from responsive documents.

5

1    RFP No. 3 seeks "Any and all policies and procedures concerning the transfer of
2 inmates." Defendant provided plaintiff with portions of CDCR regulations explaining that
3 determinations regarding transfers are made by a classification committee. ECF No. 64, Ex. B.
4 Plaintiff fails to show how this response is deficient and his motion is therefore denied as to this
5 request.

6    RFP No. 4 seeks "Any and all policies and procedures concerning 'irregular' and or
7 'special' transfer of inmates." Defendant referred plaintiff to the same regulations produced in
8 response to RFP No. 3. Defendant also notes that in response to a different discovery request, he
9 produced various policies and procedures regarding the "health care transfer process" and
10 "outpatient specialty procedures." ECF No. 64 at 7. Plaintiff claims that defendant has not
11 provided the "specific documents" he is requesting, but does nothing to further identify those
12 documents. ECF No. 63 at 4. Because defendant appears to have responded in good faith, and
13 plaintiff fails to clarify what additional documents he seeks in response, his motion to compel is
14 denied as to this request.

15    RFP No. 7 seeks "Any and all documents created by custody personel[sic] at Duel[sic]
16 Vocational Institute acknowledging Plaintiff's need for urgent medical treatment (i.e. surgery)
17 and their intent to fulfill that need." Defendant objected to the request as assuming facts in
18 evidence and responded that "[a] diligent search for the documents requested has been made, and
19 a reasonable inquiry has been conducted in an effort to comply with this request. The request
20 cannot be complied with because said documents do not exist." In his motion, plaintiff clarifies
21 that he is seeking a CDCR form 7252 documenting plaintiff's need for transportation to a surgical
22 appointment at the U.C. Davis Medical Center. ECF No. 63 at 5. Defendant states in his
23 opposition that any such request would be contained in his medical records, which were produced
24 to plaintiff and available for review through his institution. ECF No. 64 at 8. Because the
25 requested document appears to be equally available to plaintiff, his motion to compel a further
26 response to RFP No. 7 is denied.

27    RFP Nos. 11, 12, and 13 seek documents concerning the amount of money allotted to DVI
28 between January 1, 2006 and December 31, 2006, for "medical treatment, including but not

1 limited to surgery at outside specialty services." Defendant's responses state that "[a] diligent
2 search for the documents requested has been made, and a reasonable inquiry has been conducted
3 in an effort to comply with this request. The request cannot be complied with because the
4 documents are not in possession, custody or control of the Responding Party." In his opposition,
5 defendant explains further that he has been retired from CDCR since 2007 and that in his former
6 capacity as Chief Medical Officer, his work did not involve billing or financial documents. ECF
7 No. 64 at 9. Indeed, plaintiff fails to show that defendant, as a former CDCR employee for nearly
8 ten years, has the requisite control over the requested financial documents. *See D.K. v. RTC*
9 *Grounds*, No. 5:14-cv-5634-RMW, 2016 U.S. Dist. LEXIS 44878, at *2-3 (N.D. Cal. Apr. 1,
10 2016) (denying plaintiff's motion to compel documents from former CDCR employees because
11 they did not have "the legal right to demand production of the requested documents.").
12 Accordingly, plaintiff's motion is denied as to RFP Nos. 11, 12, and 13.

**IV.    Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's objection, construed as a motion to quash (ECF No. 59) is granted. Defendant's subpoena request is limited to medical records from the period of January 2006 to the present. Defendant shall return or destroy any records received that fall outside of this time frame.
2. Plaintiff's request for an extension of time (ECF No. 61) is denied.
3. Plaintiff's motion to compel (ECF No. 63) is granted as to RFP No. 1 to the extent that, within 21 days of the date of this order, defendant shall produce prisoner grievances (and the prisons' corresponding responses), based on defendant's deliberate indifference to medical needs from January 2005 through December 2009. To the extent such information implicates privacy rights, defendant may redact identifying personal information from responsive documents. In all other respects, the motion is denied.

DATED: December 19, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE